**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

|  |  |
|---|---|
| KENNEBEC TAVERN, INCORPORATED, ) *Plaintiff*, ) ) v. ) ) MIDDLESEX MUTUAL ASSURANCE ) COMPANY, a/k/a MIDDLEOAK, ) *Defendant*. ) ) | Case No.: COMPLAINT FOR BREACH OF CONTRACT DEMAND FOR JURY TRIAL PRAYER AMOUNT: $199,082.10 |

**JURISDICTION**

1.  Jurisdiction in this case is based upon Article III, Section 2 of the United States Constitution and 28 USC § 1332(a)(1) (diversity of citizenship).

2.  Plaintiff Kennebec Tavern, Inc. (the "Tavern") is a Maine business corporation in good standing with a principal place of business in Bath, Sagadahoc County, and State of Maine.

3.  Defendant Middlesex Mutual Assurance Company ("Middlesex") is a Connecticut corporation in good standing with a principal place of business in Middletown, Middlesex County, State of Connecticut, and Defendant transacts business in the State of Maine.

4.  Defendant's Registered Agent is C T Corporation System, which has a business address of c/o Gary Scappini, One Corporate Center, Floor 11, Hartford, Hartford County, Connecticut 06103-3220.  *See* **Exhibit A**, "Connecticut Secretary of State print-out," attached hereto and incorporated herein by reference.

**VENUE**

5.  Venue in this case is based upon 28 USC § 1391(b)(2) because the entire event which has given rise to this claim occurred at, and the subject property of this claim is located at, 119 Commercial Street, Bath, Sagadahoc County, Maine (the "Property").

6.  Venue is additionally based upon the fact that the subject flood insurance policy underlying Plaintiff's claim requires that suit be filed in the United States District Court for the district in which the insured property was located at the time of loss.  *See* **Exhibit B**, "General Property Form: Standard Flood Insurance Policy," (the "Policy"), attached hereto and incorporated herein by reference.

**FACTS OF THE CASE**

7.      The owners and operators of the Tavern are Gene A. Nygaard and Kristi Nygaard.

8.      Defendant issues policies of flood insurance through one of its authorized agents, Mid-Coast Insurance Agency, LLC ("Mid-Coast"), which has a principal place of business at 134 Front Street, Bath, Sagadahoc County, State of Maine.

9.      Plaintiff renewed its Policy (Policy No. 87028523802011) with Defendant via Mid-Coast on or about August 2011, thereby extending Plaintiff's flood insurance coverage with Defendant for the period beginning August 23, 2011 and ending August 23, 2012.

10.     The Policy is a federal policy under the jurisdiction of the federal government, issued pursuant to the National Flood Insurance Act of 1968 and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

11.     The Policy provides for flood insurance coverage to Plaintiff in the event of a flood for up to $500,000.00 on the physical building on the Property, and up to $346,600.00 for contents in or about the building on the Property.  For said coverage under the Policy, Plaintiff paid Defendant a premium equal to or about $10,517.00.  *See* **Exhibit C**, "Flood Policy Declarations," attached hereto and incorporated herein by reference.

12.     The Policy between Plaintiff and Defendant was a contract, enforceable by law, whereby Defendant agreed to cover Plaintiff for all losses as a result of a covered event (a flood) up to the full amount of available coverage under the Policy.

13.     On June 5, 2012, Plaintiff suffered a severe flood at the Property, suffered substantial damages and losses to the building and its contents, and, therefore, made a claim under its Policy with Defendant.

14.     A representative of Defendant named Alen Cosabic, who was the adjuster assigned by Defendant to view the damages at the Property and provide an estimate for coverage, came to the Property on or about June 7th or 8th, 2012 and met with the Nygaard's and their general contractor, John Gordon ("Gordon"), among others.  Mr. Cosabic works for Colonial Claims Corporation, a Florida corporation with a principal place of business in Dunedin, Pinellas County, State of Florida, but was at all times relevant hereto, acting as an agent on behalf of Defendant Middlesex.

15.     Gordon is a self-employed general contractor with a principal place of business in Woolwich, Sagadahoc County, Maine, and was the contractor who performed all repairs on the Property, or subcontracted such other repairs to the Property.  *See* **Exhibit D**, "Affidavit of John Gordon," attached hereto and incorporated herein by reference.

16. Gordon has serviced the Tavern's full construction needs since 1996, so he is intimately familiar with the construction and layout of the Property. *Id.*

17. After the Nygaard's and Gordon's initial meeting with Mr. Cosabic, and after Mr. Cosabic assessed the damages to the Property, Mr. Cosabic told Gordon that he could begin repairs to the Property, despite the fact that Gordon's formal estimate for repairs to the Property was not complete. *Id.*

18. Gordon began repairs, and subsequently submitted a formal estimate to Mr. Cosabic for the complete scope of repairs of the flood damages which totaled $354,600.00. Gordon supplemented his initial estimate with an additional amount of $27,635.69 about a week and a half later, for a total estimate of $382,295.69. *Id.*

19. Gordon's estimates were based upon his intimate knowledge of the building, local building practices, local pricing, and man-hours to complete the repairs to the Property. *Id.*

20. After Gordon submitted his estimate and supplement to Mr. Cosabic, Mr. Cosabic assured Gordon and the Nygaard's that Gordon could continue repairs to the Property, and that his own estimate came in at $330,000.00, not the $382,295.69 submitted by Gordon. *Id.*

21. Despite the fact that Gordon's estimate was correct, Gordon told Mr. Cosabic that he would work within that estimate to make all necessary repairs to the Property as a result of the flood. *Id.*

22. After Mr. Cosabic's oral estimate to Gordon and the Nygaard's, and after the continuation of repairs by Gordon based upon the $330,000.00 estimate, Mr. Cosabic came back with a written estimate (Proof of Loss) of $191,888.33, not the $330,000.00 previously indicated.

23. Mr. Cosabic's estimate was grossly low, and did not provide adequate coverage, but he further assured the Nygaard's that Plaintiff could submit this Proof of Loss for $191,888.33, and then supplement the same with a subsequent Proof of Loss to obtain additional coverage.

24. To date, Plaintiff has only received the following payments on the following dates as a result of the flood, which are grossly inadequate to cover the damages which should have been covered under the Policy purchased by Plaintiff:

  A. June 14, 2012: $12,000.00 building advance;
  B. June 29, 2012: $71,998.69 building claim;
  C. October 16, 2012: $59,299.65 building claim;
  D. October 16, 2012: $48,353.39 contents;

      E.      The sum of all payments provided for by Defendant to date is $191,651.73, which is grossly low, and well below the limits of the Policy purchased by Plaintiff.

25. Because of Defendant's lack of proper coverage and refusal to honor the terms of the Policy, repairs to the Property have ceased before completion, and Gordon is owed approximately $42,000.00 for work already performed to repair the damages caused by the flood.

26. Plaintiff hired a certified public insurance adjuster, Jonathan Langmaid of Atlantic Adjusters, Inc. in Yarmouth, Cumberland County, Maine, to review all estimates and damages at the Property and to determine the proper scope of coverage under the policy, and Mr. Langmaid's professional estimate for repairs at the Property came in at $390,723.83, which is the amount of coverage Plaintiff should have received under its Policy with Defendant. *See* **Exhibit E**, "FEMA Appeal and Langmaid Estimate," (the "Appeal"), attached hereto and incorporated herein by reference.

27. Defendant denied Plaintiff additional coverage by a written denial letter dated October 22, 2012. *See* **Exhibit F**, "Denial Letter," attached hereto and incorporated herein by reference.

28. Plaintiff appealed Defendant's denial to the Federal Emergency Management Agency ("FEMA") pursuant to the instructions contained within the Denial Letter to Plaintiff, but FEMA has subsequently instructed for Plaintiff to work out any additional coverage with Defendant. *See* **Exhibit E**.

29. Plaintiff is trying to obtain additional coverage under the Policy from Defendant at this time, but, to date, no resolution or agreement for resolution has been reached between the parties despite the fact that negotiations are ongoing.

## BREACH OF CONTRACT

30. The Policy purchased by Plaintiff was a contract whereby Defendant agreed to insure Plaintiff up to the amounts listed in the Policy.

31. Plaintiff paid Defendant a premium of approximately $10,517.00, Defendant accepted said premium payment, and thereby agreed to cover Plaintiff in the event of a loss up to the amount of damages covered under the Policy.

32. Plaintiff suffered a covered loss during the time in which Plaintiff's Policy with Defendant was in effect.

33. Despite the fact that Plaintiff's covered losses have been shown to be in the amount of $390,723.83, Defendant, to date, has only agreed to pay, and paid, $191,651.73 in coverage, which is grossly low.

34.     Defendant did not fully perform its obligation under the Policy because it did not cover all covered losses, or, in the alternative, did not fully cover all covered losses in the appropriate amount, and, therefore, Plaintiff has damages for Defendant's breach of its obligations under the Policy in the amount of $199,082.10.

35.     Defendant's agent misrepresented the facts to Plaintiff because the agent told Plaintiff it could supplement its Proof of Loss for additional coverage, yet Defendant has subsequently denied any additional coverage over and above what has already been paid.

WHEREFORE, Plaintiff prays for a judgment against Defendant for economic damages in the sum of $199,082.10, for costs and disbursements incurred herein, and such other and further relief as this Honorable Court may deem just or proper.

Dated this 21st day of October, 2013.        /s/ Gerald B. Schofield, Jr., Esq.
                                              Gerald B. Schofield, Jr., Bar No.4454
                                              Attorney for Plaintiff
                                              Hopkinson & Abbondanza
                                              511 Congress Street, Suite 801
                                              Portland, Maine 04101
                                              (207) 772-5845